**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**KEVIN TERRENCE DAVIS, #R8777**                         **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO. 1:03-CV-891-DMR-JMR**

**RONALD KING**, *ET AL.*                              **RESPONDENTS**

### ORDER DISMISSING PETITION WITH PREJUDICE

BEFORE THE COURT is the Petition of Kevin Terrence Davis, #R8777, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. And the Court, having carefully considered said motion, the petition, and the record before it, as well as the applicable case law, is of the opinion that the grounds sought in the petition are not well taken and the Petition should be dismissed on all grounds with prejudice.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Petitioner is lawfully in the custody of Robert Parker, Warden of the Tallahatchie County Correctional Facility, Tutwiler, Mississippi, after being convicted of burglary of a dwelling, rape, armed robbery and aggravated assault in the Circuit Court of Harrison County, Mississippi, First Judicial District. By order filed May 7, 1999, petitioner was sentenced to life imprisonment in each count to run consecutive without parole. (R.2 at 151)[1].

Thereafter, petitioner appealed his judgment of conviction and sentence to the Mississippi Court of Appeals, asserting the following issues:

1)      Whether the circuit court violated his due process rights when it erroneously denied the defendant's use of one of his peremptory challenges to strike a juror.

---

[1]Citations to the state court record are designated herein as "R." followed by the applicable volume number and page.

2)  Whether the circuit court violated his due process rights when it denied his motion to suppress identification testimony concerning the impermissibly suggestive out of court photographic identification.

3)  Whether the circuit court violated his due process rights when it denied his motion to suppress identification testimony concerning impermissibly suggestive in-court identification made by victim at suppression hearing where the defendant was the only African American male in the courtroom and was clothed in custodial or detention garb.

On June 11, 2002, the Mississippi Court of Appeals affirmed petitioner's judgment of conviction and sentence in a written opinion. *See* Exhibit A. *Davis v. State,* 818 So.2d 1260 (Miss. App. 2002) (No. 2000-KA-01022). Davis failed to timely file a motion for rehearing or seek a petition for writ of certiorari to the Mississippi Supreme Court.[2]

On May 16, 2003, Davis filed a pro se Application for Leave to Proceed in Trial Court on a Motion for Post-Conviction Collateral Relief in the Mississippi Supreme Court (Cause No. 2003-M-1049), asserting claims of a defective indictment, speedy trial violation, ineffective assistance of counsel, erroneous denial of peremptory challenge, erroneous identification procedures, and erroneous denial of the grand jury transcript. By order filed October 7, 2003, a panel of the Mississippi Supreme Court denied Davis' application on the basis that his "claims of ineffective assistance of counsel fail to meet the standard set out in *Strickland v. Washington* and that those claims are without merit. The panel finds that the other issues raised in the petition either were raised at trial and on appeal or were capable of being raised. The panel therefore finds those issues to be procedurally barred. Miss. Code Ann. §99-39-21(1)." *See* Order, 2003-M-1049.

## II. LEGAL ANALYSIS

---

[2]On April 10, 2003, the Mississippi Court of Appeals entered an order denying Davis' motion for leave to file a motion for rehearing as untimely.

In the instant Petition for Writ of Habeas Corpus, Davis raises issues he previously asserted on appeal and in his motion for post-conviction relief summarized as follows:

> **Ground One -** Petitioner was denied effective assistance of counsel because:
> (a) Counsel failed to properly investigate;
> (b) Counsel failed to procure the grand jury transcript;
> (c) Counsel failed to pursue petitioner's constitutional speedy trial claim;
> (d) Counsel failed to secure full discovery;
> (e) Counsel failed to make the petitioner aware of important decisions.
>
> **Ground Two** - The trial court erred in the denial of the petitioner's right to peremptory strike of Asian juror.
>
> **Ground Three** - Petitioner was denied his constitutional right to a speedy trial.
>
> **Ground Four** - Defective Indictment.
>
> **Ground Five** - Erroneous in-court and out-of-court identification.
>
> **Ground Six** - Petitioner was denied a copy of the grand jury transcript.

Petitioner Davis' claims in Grounds 2 and 5 were raised on direct appeal of his convictions and denied on the merits. Davis failed to timely seek a rehearing in the Court of Appeals and did not petition the Mississippi Supreme Court for a writ of certiorari. Therefore, respondents submit to the Court in their Answer that Davis is foreclosed from bringing a habeas action in this court because these issues were not fully exhausted before Mississippi's highest court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Since a return to the state courts would now be fruitless due to the passage of time, respondents submit that the claims have been procedurally defaulted and are now barred from federal review under *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Further,

3

respondents submit that Davis fails to show cause for the state default and actual prejudice or to demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). *See also Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992). This Court has reviewed the record herein and agrees that it is precluded from considering Grounds 2 and 5 in Davis' petition.

Furthermore, Davis' claims in Grounds 3, 4 and 6 were raised in his motion for post-conviction relief to the Mississippi Supreme Court and found to be procedurally barred and are, therefore, precluded from review by this Court. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001)(Citing *Coleman,* 111 S.Ct. At 2553-54; *Amos* v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)). As noted previously, the Mississippi Supreme Court found the issues which Davis now raises in Grounds 3, 4 and 6 to be procedurally barred pursuant to Miss. Code Ann. §99-39-21(1).[3] The Fifth Circuit Court of Appeals has held that §99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). The adequacy of the procedural bar applied to Davis' issues in state court

---

[3]Miss. Code Ann.§99-39-21 states: (1)Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

depends on "whether Mississippi has strictly or regularly applied it." *Id.* (Citing *Lott v. Hargett*, 80 F.3d 161 (5th Cir. 1996)). However, the petitioner "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id.* Davis has failed to carry his burden of proving an "inconsistent and irregular" application of the bar stated above and has, therefore, defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. *Id.* at 861.

Federal habeas courts are estopped from reviewing state cases applying an independent and adequate procedural rule unless the petitioner can demonstrate cause and actual prejudice, which respondents submit petitioner cannot show. *See Coleman*, 501 U.S. at 750. In explaining the cause necessary for excusing a default, the Supreme Court instructed that "there must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753 (emphasis in original). Examples of objective factors which have been found to constitute cause to excuse a procedural default include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [petitioner]." *McCleskey v. Zant*, 499 U.S. 467 (1991). In addressing cause for a procedural default that may be based in attorney error, the United States Supreme Court has stated as follows:

> We think, then, that the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington, supra,* we discern no inequity in

requiring him to bear the risk of attorney error that results in a procedural default.

*Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986).

Although Davis alleges ineffective assistance of appellate counsel, this Court agrees with the Respondents that the ineffective assistance of counsel claim does not rise to the level of "constitutionally ineffective" assistance of counsel for reasons that will be discussed herein and therefore cannot constitute cause as proscribed by *Murray*.  Since Davis fails to establish cause, there is no need to consider whether there was actual prejudice to petitioner.  *Saahir*, 956 F.2d 115.

The "fundamental miscarriage of justice" exception is even more circumscribed than the cause and prejudice exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction."  *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)(citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)).  To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Fairman,* 188 F.3d at 644 (Citations omitted).  Davis fails to establish that a miscarriage of justice will result if his claims are not considered on the merits.  Accordingly, this Court is precluded from considering Grounds 3, 4 and 6 presented in Davis' petition due to his default in the courts of Mississippi.

Davis' claims in Ground 1 were raised in his motion for post-conviction relief to the Mississippi Supreme Court and denied on the merits.  As a result, under the

6

Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C.A. §

2241, *et seq.* and because the issues in Ground 1 were decided on the merits, said habeas

relief cannot be granted on this ground. *See* 28 U.S.C. §2254(d) and §2254(e)(1).

> (d) An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted with
> respect to any claim that was adjudicated on the merits in State court
> proceedings unless the adjudication of the claim -
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).  Subsection (d)(1) applies to mixed questions of law and fact.

*Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000).  Subsection (d)(2) applies to questions of

fact.  *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997).  Petitioner's claims involve

mixed questions of law and fact.  Accordingly, subsection (d)(1) of §2254 governs the

claims and dictates that a federal court cannot grant habeas relief to the petitioner unless

it determines that the state court's decision involved an unreasonable application of the

law to the facts.  The "unreasonable application"standard of review of a state court

decision does not mean that a federal court may grant habeas relief based on its simple

disagreement with the state court decision; this would amount to nothing more than de

novo review.  *See Williams v. Cain*, 125 F.3d 269, 276-77 (5th Cir. 1997).  Unless there is

such an unreasonable application, there exists a presumption that state court factual

findings are correct.  *Knox v. Johnson*, 224 F.3d 470 (5th Cir. 2000).

In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (U.S. 2000),

the United States Supreme Court concluded that § 2254(d)(1) "places a new constraint on

the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams*, 120 S.Ct. at 1523.  In interpreting the clause "contrary to," the Court declared as follows:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.

*Id*.  In construing the "unreasonable application" clause, the Court stated:

> Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id*.  In other words, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521 (emphasis added).  The *Williams* Court pointed out that an unreasonable application of federal law is different from an incorrect application of federal law, and that Congress was careful to use the word "unreasonable" rather than "erroneous" or "incorrect." *Id.* at 1522.  Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id*.  *See also Ramdass v. Angelone,* 530 U.S. 156, 120 S.Ct. 2113, 2119-20, 147 L.Ed.2d 125 (2000)*; Chambers v. Johnson*, 218 F.3d 360 (5th Cir. 2000).  Furthermore, findings of fact made by the state court are presumed correct, and the petitioner has the burden of rebutting this

presumption of correctness by clear and convincing evidence. *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1).

In Ground 1, Davis asserts that he was denied effective assistance of counsel because his counsel failed to properly investigate, failed to procure the grand jury transcript, failed to pursue a constitutional speedy trial claim,  failed to secure full discovery and failed to make the petitioner aware of important decisions.  As previously noted, a panel of the Mississippi Supreme Court denied Davis' application for leave on October 7, 2003, on this ground on the basis that his "claims of ineffective assistance of counsel fail to meet the standard set out in *Strickland v. Washington* [466 U.S. 668 (1984)] and that those claims are without merit."  *See* Order, 2003-—1049.

This Court is of the opinion that the state court was correct in denying Davis' claims of ineffective assistance of counsel under *Strickland*.[4]  *Strickland* requires a showing of both deficiency on the part of counsel, i.e., that counsel's conduct fell below a standard of objective reasonableness, and a resulting prejudice to the outcome of the trial.  Under the deficiency prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; counsel's errors must be shown to be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.,* 466 U.S. at 687; *see also Bridge v. Lynaugh,* 838 F.2d 770, 773 (5th Cir. 1988).

---

[4]The test for habeas purposes is not whether the petitioner made the proper showing under *Strickland*.  The test is whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  *See Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir. 2004).

A petitioner shoulders a heavy burden to overcome a presumption of strategically motivated counsel conduct and to refute the premise that "an attorney's actions are strongly presumed to have fallen within the wide range of reasonable professional assistance." *Messer v. Kemp,* 760 F.2d 1080, 1090 (11th Cir. 1985). The proper measure of performance by an attorney is reasonableness under prevailing professional norms. *Strickland,* 466 U.S. at 690; *see also Russell v. Lynaugh,* 892 F.2d 1205, 1213 (5th Cir. 1989).

As Davis makes only general, conclusory allegations as to Grounds 1(a),(b),(d) and (e) together, respondents will discuss them collectively. In Ground 1(a), Davis asserts that his counsel was ineffective for failing to properly investigate. In Ground 1(b), Davis asserts that his counsel was ineffective for failing to procure the grand jury transcript. In Ground 1(d), Davis asserts that his counsel was ineffective for failing to secure full discovery. In Ground 1(e), Davis asserts that his counsel was ineffective for failing to make the petitioner aware of important decisions. Davis makes general assertions regarding attorney Tom Sumrall's failure to "motion for the grand jury transcripts, hire an investigator, interview defense witness and state witnesses." Davis later asserts that "Mr. Sumrall never hired an investigator, never motions for the Grand Jury transcripts, never interviewed any witnesses; nor did he properly prepare to defend Davis in the event of a trial." Davis makes the same general assertions as to his second attorney, Felicia Dunn Burkes, who actually represented Davis at trial and on appeal. However, Davis fails to make any specific assertion of ineffectiveness regarding counsel's failure to investigate, procure the grand jury transcript, secure full discovery or

make him aware of important decisions.  Further, the record does not support such general allegations.  Because Davis' claims are "conclusory and wholly unsupported by any probative evidence," (*U.S. v. Flores*, 135 F.3d 1000, 1006-07 (5th Cir. 1998)), Davis has clearly failed to meet the deficiency prong of the *Strickland* analysis. Notwithstanding Davis' failure to satisfy the first prong under *Strickland*, respondents further submit that he fails to establish any resulting prejudice.  "'In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we [can find] no merit to these [claims].'"  *Miller*, 200 F.3d at 282 (quoting *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992)); *see also United States v. Vasquez*, 298 F.3d 354, 360 (5th Cir. 2002) ("conclusory allegations respecting counsel's ineffectiveness are insufficient to show that he was prejudiced by counsel's representation of him in the state and federal proceedings. . .").

In Ground 1©), Davis asserts that counsel was ineffective for failing to pursue petitioner's constitutional speedy trial claim.  The record indicates Davis was arraigned on  October 10, 1997, and went to trial in May of 1999. ®. 3 at 24, 36).  However, the record also reflects that the defendant moved for or agreed to various continuances.  ®. 1 at 25, 26, 27, 66, 69, 72 and 73).  In *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the U.S. Supreme Court set out four factors that must be weighed in making a speedy trial violation determination.  Those factors are length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. The trial court found that there was no violation of Davis' constitutional speedy trial

right.  Accordingly, respondents submit that the Mississippi Supreme Court properly

found Davis' claim of ineffective assistance of counsel to be without merit under

*Strickland* as counsel could not be ineffective for failing to assert a claim that is without

merit.  Respondents submit in their Answer that Davis fails to establish any deficiency in

counsel's performance.  Notwithstanding Davis' failure to satisfy the first prong under

*Strickland*, respondents further submit that he fails to establish any resulting prejudice.

Respondents submit that there are any number of possible reasons that counsel

acquiesced, including that counsel needed the time to prepare for trial or that it was a

tactical decision.  Davis has shown neither that his attorney was deficient, nor  that his

defense was prejudiced.   Therefore, habeas relief is not warranted.

> No particular set of detailed rules for counsel's conduct can satisfactorily
> take account of the variety of circumstances faced by defense counsel or
> the range of legitimate decisions regarding how best to represent a criminal
> defendant.  Any such set of rules would interfere with the constitutionally
> protected independence of counsel and restrict the wide latitude counsel
> must have in making tactical decisions. . . .
>
> A fair assessment of attorney performance requires that every effort be
> made to eliminate the distorting effects of hindsight, to reconstruct the
> circumstances of counsel's challenged conduct, and to evaluate the conduct
> from counsel's perspective at the time.  Because of the difficulties inherent
> in making the evaluation, a court must indulge a strong presumption that
> counsel's conduct falls within the wide range of reasonable professional
> assistance; that is, the defendant must overcome the presumption that,
> under the circumstances, the challenged action "might be considered sound
> trial strategy."

*Strickland v. Washington*, 466 U.S. at 688-89.  (Citations omitted).

Davis makes a general assertion that his appellate counsel failed to raise issues on

appeal.  In reviewing the performance of appellate counsel, the two-pronged test of

*Strickland* is likewise applied. *See Evitts v. Lucey*, 469 U.S. 387, 397-399 (1985). Further, respondents submit that the relevant Supreme Court law for analyzing ineffective assistance of appellate counsel claims is *Jones v. Barnes*, 463 U.S. 745 (1985). In *Jones*, the court stated that appellate counsel does not have a duty to raise every "colorable" claim on appeal, suggesting that appellate counsel has broad discretion in determining which issues are more likely to be successful. *Id.* at 751-754. On appeal, Davis' counsel raised three issues. Respondents submit that Davis' appellate counsel acted in accordance with *Jones* and raised the issues she believed to be viable. Further, it is likely that appellate counsel's review of the record led her to the conclusion that the other issues Davis may have wanted to raise, presumably those cited in his petition for post-conviction relief, were without merit.

Davis has failed to establish any deficiency in counsel's performance. Notwithstanding Davis' failure to satisfy the first prong under *Strickland*, the Court is of the opinion that Davis fails to establish any resulting prejudice.

Davis presents nothing in the petition sub judice to establish that the state court's adverse determination of petitioner's issues resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. §2254(d)(1); *see also Gachot v. Stalder*, 298 F.3d 414, 421 (5th Cir. 2002).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the relief sought in the Petition of Petition of Kevin Terrence Davis, #R8777, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, be and is hereby **DENIED** and the instant Petition is hereby **DISMISSED WITH PREJUDICE,** and any pending motions, if any, be and are hereby **DENIED as MOOT**.

13

**IT IS FURTHER ORDERED AND ADJUDGED** that as all the rights and liabilities as to all the parties have been resolved that a Final Judgment be entered in this cause.

**SO ORDERED AND ADJUDGED** this the ___13th___ day of October, 2006.


**/S/   DAN M. RUSSELL, JR.**
**UNITED STATES DISTRICT JUDGE**